UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>                               Petitioner,<br><br>v.<br><br>URBANO, CDCR Officer, et al.,<br><br>                              Respondents. | Case No.: 24-cv-1596-MMA (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

    Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254.  Doc. No. 1.  For the reasons discussed below, the Petition is dismissed without prejudice.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

    Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.  *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

### FAILURE TO NAME A PROPER RESPONDENT

    In addition, Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing

1  Section 2254 Cases (2019).  Federal courts lack personal jurisdiction when a habeas
2  petition fails to name a proper respondent.  *See id.*
3      The warden is the typical respondent.  However, "the rules following section 2254
4  do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the
5  warden of the institution in which the petitioner is incarcerated . . . or the chief officer in
6  charge of state penal institutions.'"  *Id.*, quoting R. 2(a), Rules Governing Section 2254
7  Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.  Here, Petitioner has
8  incorrectly named "CDCR Officer Urbano," "Inmates Office A-2" and "A-Yard CDCR
9  Officers" as Respondents.  Doc. No. 1 at 1.  In order for this Court to entertain the
10 Petition, Petitioner must name the warden in charge of the state correctional facility in
11 which he is presently confined or the Director of the California Department of
12 Corrections and Rehabilitation.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.
13 1992) (per curiam).

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

15     The Petition is also subject to dismissal because a petition for writ of habeas
16 corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claims
17 Petitioner presents.  Challenges to the fact or duration of confinement are brought by
18 petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to
19 conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C.
20 § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973).  "When a state prisoner
21 is challenging the very fact or duration of his physical imprisonment, and the relief he
22 seeks is a determination that he is entitled to immediate release or a speedier release from
23 that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Id.* at 500.  On the
24 other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a
25 constitutional challenge to the conditions of his prison life, but not to the fact or length of
26 his custody."  *Id.* at 499.
27     Here, Petitioner indicates that the instant Petition concerns "jail or prison
28 conditions," "prison discipline" and "invasion of spirit/intellect."  *See* Doc. No. 1 at 2.

Petitioner's first of two enumerated grounds for relief asserts he is "being prosecuted" by CDCR Officers through "abuse and discriminat[ion]" by other inmates, refusing dinner, and closing doors on purpose, which he asserts is "because of a crime I'm not guilty over," and because they dislike his filing of numerous 602 complaints; he also asserts "they are trying to 'set me up' to keep me here against my will." *Id.* at 3. As to the second enumerated claim, Petitioner cites the Privacy Act of 1974 and asserts his "DNA is used to entrap me and incriminate me" and "my DNA is being used to set me up because of a crime I didn't commit," which is an invasion of privacy and a human rights violation. *Id.* at 4. Upon review, Petitioner's claims are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

  While Petitioner also indicates that he was charged with a crime he did not commit, that he was convicted or committed on August 12, 2024, and provides a case number of 00000060773 unaccompanied by supporting or explanatory documentation, Petitioner contemporaneously indicates as to this sentence that: "It not [sic] a sentence but a cruel write up." Doc. No. 1 at 2. A challenge to a prison disciplinary proceeding involving a potential loss of custody credits could conceivably fall within habeas review if it resulted in immediate or earlier release from custody. *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) (citing *Muhammad v. Close,* 540 U.S. 749, 754-55 (2004)). However, "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Id*. The fact remains, however, that Petitioner does not offer specifics as to the rules violations suffered or any potential resultant loss of credits and does not allege that such relief, if granted, would result in his earlier or immediate release from imprisonment. If Petitioner is seeking to challenge a prison disciplinary action, he must so specify.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. If Petitioner wishes to proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **November 12, 2024**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank 42 U.S.C. § 1983 Civil Rights Complaint form and in forma pauperis application together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 11, 2024

HON. MICHAEL M. ANELLO
United States District Judge